\*\*E-Filed 8/18/09\*\*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ELISE STASSART,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>LAKESIDE JOINT SCHOOL DISTRICT, et al.,<br><br>　　　　　　Defendants. | Case Number C 09-1131 JF (HRL)<br><br>**ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND, CONTINUING HEARING ON MOTION FOR PRELIMINARY INJUNCTION, AND RESCHEDULING OTHER PENDING MOTION HEARINGS**<br><br>Re. docket nos. 27, 30, 36, 38, 40, 46, 47 |

Plaintiff Elise Stassart ("Plaintiff"), who is proceeding pro se, alleges that Defendants Lakeside School District ("Lakeside"), its Superintendent, Bob Chrisman ("Chrisman"), California Department of Education ("CDE") Superintendent Jack O'Connell ("O'Connell"), Office of Administrative Hearings Officer Laura Gutierrez, Santa Clara County Office of

---

[1] This disposition is not designated for publication in the official reports.

Education official Charles Weis, Campbell Elementary Union School District Superintendent Joanna Vandermolen, and Los Gatos Union School District Superintendent Richard Witmore violated the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., Title II of the ADA, 42 U.S.C. § 12131 et seq., and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, by denying Plaintiff's adoptive son I.S. a federally mandated "free and appropriate public education," and by retaliating against Plaintiff when she attempted to secure such an education for her son. Plaintiff moves for a preliminary injunction requiring Defendant Lakeside to provide free transportation to a charter school of Plaintiff's choosing. Defendant O'Connell moves to dismiss the complaint, as it pertains to him, for failure to state a claim.

For the reasons given below, O'Connell's motion to dismiss will be granted with leave to amend. With respect to Plaintiff's motion for a preliminary injunction, in view of the similarity of the issues raised by that motion and by several motions to dismiss filed by defendants other than O'Connell and set for hearing in early September 2009, the Court will defer consideration of the motion for a preliminary injunction and will hear that motion and the other pending motions on September 4, 2009 at 9 AM. Nonetheless, in the interest of fairness to Plaintiff, the Court will offer limited guidance on certain aspects of the motion for a preliminary injunction.

## I. BACKGROUND

The factual background of this case will be recited at greater length in a subsequent order presumably addressing the motions scheduled to be heard on September 4, 2009. For the present purposes, it is sufficient to note the following: Plaintiff and her husband Philippe Stassart reside in Santa Cruz County and are the legal guardians of I.S., a minor; I.S. has a long history of learning disabilities of varying degrees of severity; I.S was enrolled at Lakeside Elementary School for his fourth and fifth grade years, and was transferred to Rolling Hills Middle School ("Rolling Hills") for his sixth grade year pursuant to a memorandum of understanding between Lakeside, which is Plaintiff's district of residence and does not operate a middle school, and the Campbell Union School District, which operates Rolling Hills; Plaintiff alleges that Lakeside, as the agency responsible for her son's placement, and the Campbell school system, as the operator

2

Case No. C 09-1131 JF (HRL)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND, CONTINUING HEARING ON MOTION FOR PRELIMINARY INJUNCTION, AND RESCHEDULING OTHER PENDING MOTION HEARINGS
(JFLC3)

of Rolling Hills, failed to provide her son with the educational accommodations and services to which he is legally entitled; Plaintiff alleges further that CDE failed to ensure that Lakeside and Campbell were providing I.S. with a legally sufficient education; I.S. ceased attending Rolling Hills after he became the victim of multiple verbal and physical attacks; and, finally, Plaintiff has enrolled I.S. at South Bay Prep School ("South Bay Prep"), a charter school outside of the Lakeside School District, for the coming academic year.

## II. LEGAL STANDARDS

### A.   Preliminary injunction

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 376 (2008). A party seeking a preliminary injunction must show either "(1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). These "two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the possibility of success decreases." *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985).

"Regardless of how the test for a preliminary injunction is phrased, the moving party must demonstrate irreparable harm." *American Passage Media Corp. v. Cass Commc'ns, Inc.*, 750 F.2d 1470, 1473 (9th Cir. 1985) (reversing grant of preliminary injunction because movant failed to offer evidence of irreparable harm). It is not enough that the claimed harm be irreparable; it also must be imminent. *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988); *Los Angeles Mem'l Coliseum*, 634 F.2d at 1201. "A plaintiff must do more than merely allege imminent harm . . . ; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine Servs. Co.*, 844 F.2d at 674. This threat must be shown by probative evidence, *Bell Atl. Bus. Sys., Inc. v. Storage Tech. Corp.*, No. C-94-0235, 1994 WL 125173, at *3 (N.D. Cal. Mar. 31, 1994) (denying

3

preliminary injunction motion because movant failed to show sufficient evidence of threat of irreparable harm), and conclusory affidavits are insufficient. *American Passage*, 750 F.2d at 1473; *see also K-2 Ski Co. v. Head Ski Co.*, 467 F.2d 1087, 1088-89 (9th Cir. 1972).

Requests for mandatory, as opposed to prohibitory, injunctive relief are subject to a heightened standard:

> A prohibitory injunction preserves the status quo. A mandatory injunction goes well beyond simply maintaining the status quo pendente lite [and] is particularly disfavored. When a mandatory preliminary injunction is requested, the district court should deny such relief unless the facts and law clearly favor the moving party.

*Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (quotation marks and citations omitted).

**B.    Motions to dismiss**

A complaint may be dismissed for failure to state a claim upon which relief may be granted for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). A complaint should not be dismissed "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Clegg*, 18 F.3d at 754. In addition, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995). Conversely, dismissal may be ordered with prejudice when amendment would be futile. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

### III. DISCUSSION

**A.    Preliminary injunction**

Plaintiff claims that Lakeside should be required to pay for transportation services to South Bay Prep as a result of its failure to provide I.S. with a free and appropriate public

4

Case No. C 09-1131 JF (HRL)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND, CONTINUING HEARING ON MOTION FOR PRELIMINARY INJUNCTION, AND RESCHEDULING OTHER PENDING MOTION HEARINGS
(JFLC3)

education during his sixth and seventh grade years. *Cf. Park v. Anaheim Union High School Dist.*, 464 F.3d 1025, 1033 (9th Cir. 2006) (discussing "compensatory education" remedy under IDEA, which allows courts to require a district to provide an education or related services prospectively where the district denied a fair and appropriate public education in the past); *Parents of Student W v. Puyallup Sch. Dist.*, No. 3, 31 F.3d 1489, 1496 (9th Cir. 1994) (same). Plaintiff seeks a preliminary injunction requiring Lakeside to provide transportation to South Bay Prep, beginning in the 2009-2010 school year, pending adjudication of the merits of her case.

As already noted, the Court considers it appropriate to defer a ruling on Plaintiff's motion until after the hearing scheduled for September 4, 2009. However, the Court advises Plaintiff that at present, her motion does not appear to meet the demanding requirements for issuance of a mandatory preliminary injunction, in that there is insufficient evidence of imminent, irreparable harm. Plaintiff alleges that in the past, "[t]he additional time [she] spent on . . . providing transportation [to Rolling Hills] created a financial hardship on the family." Amended Complaint, ¶ 64. She states that in order to provide transportation to Rolling Hills, she

> resorted to hiring a private driver at her own expense during Student's seventh grade year in order to meet Student's special needs once she and her husband had used up all their vacation and personal time available on their jobs, and that Lakeside refused to reimburse [her] for the cost of the private driver or lost wages. The cost of the private driver was approximately $500 per month.

Reply at 14:23-15:5. Plaintiff indicates that because South Bay Prep is the same distance from her home as Rolling Hills, she once again will be subjected to the hardship of paying a driver to transport her son. Plaintiff has provided no evidence, however, that she is unable to pay $500 per month for a driver, much less that irreparable injury will flow from the denial of a preliminary injunction requiring Lakeside to provide free transportation services.

"In order to demonstrate irreparable harm[,] [the moving party] must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the *only* way of protecting the 'moving party' from harm." *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 68 F.3d 828, 839 (3d Cir. 1995) (emphasis added). The record currently before the Court suggests that, notwithstanding the cost of

5

Case No. C 09-1131 JF (HRL)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND, CONTINUING HEARING ON MOTION FOR PRELIMINARY INJUNCTION, AND RESCHEDULING OTHER PENDING MOTION HEARINGS
(JFLC3)

1  transportation, I.S. is enrolled for the coming school year at South Bay Prep, a free charter
2  school, and that while denial of the instant motion will require Plaintiff to make a monetary
3  expenditure, Plaintiff may be compensated for that expenditure if she ultimately prevails.
4  Accordingly, without minimizing Plaintiff's claim, it appears that the harm she alleges is not
5  irreparable. *Associated Gen. Contractors of Cal. v. Coal. for Econ. Equity*, 950 F.2d 1401, 1410
6  (9th Cir. 1991).

7  Not later than Tuesday, August 25, 2009, Plaintiff may submit further evidence or
8  argument to demonstrate that imminent, irreparable harm is likely to result from the denial of her
9  motion for a preliminary injunction.[2]  Any party wishing to file a response to such evidence or
10 argument may do so not later than 5 PM PDT on Monday, August 31, 2009, in the form of a brief
11 not to exceed five pages.

12 **B.     Motion to dismiss**

13 Defendant O'Connell moves to dismiss on the grounds that (1) Plaintiff has failed to
14 exhaust her administrative remedies with respect to CDE, (2) she has failed to state a claim
15 against CDE on the merits, (3) there is no private right of action with respect to certain aspects of
16 her allegations, (4) O'Connell is not a proper defendant in his official capacity, and (5) Plaintiff
17 lacks standing to pursue claims under the Rehabilitation Act and the ADA.  The Court addresses
18 these arguments in turn.

19 **1. Exhaustion of administrative remedies**

20 Defendant is correct that Plaintiff has failed to exhaust her administrative remedies under
21 IDEA with respect to CDE, or to plead adequately that the pursuit of such remedies would be
22 futile.  Claims brought pursuant to IDEA ordinarily must be exhausted through pursuit of
23 available administrative remedies.  The exhaustion doctrine embodies the notion that "agencies,
24 not the courts, ought to have primary responsibility for the programs that Congress has charged
25 them to administer." *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992).  IDEA charges local

---

27  [2] The Court offers no comment on the likelihood that Plaintiff will succeed on the merits,
except to say that the allegations of the complaint present at best a disturbing picture of the
28  school districts' response to the needs of Plaintiff's child.

6

educational agencies with the responsibility for establishing programs to provide disabled students with a "free appropriate public education." *See* 20 U.S.C. § 1414(a). At the same time, the states have primary responsibility for ensuring that local educational agencies comply with the requirements of IDEA. *See* 20 U.S.C. §§ 1412(6), 1414(b). "Exhaustion of the administrative process allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children." *Crocker v. Tennessee Secondary School Athletic Ass'n*, 873 F.2d 933, 935 (6th Cir. 1989).

Where a state agency is not made a party to an administrative proceeding, it is denied the opportunity to remedy the wrong complained of, and claims with respect to that agency will not be considered to have been exhausted. *Whitehead v. School Bd. for Hillsborough County*, 932 F. Supp. 1393, 1396 (M.D. Fla. 1996) ("A purpose of requiring exhaustion of remedies is to provide state agencies an opportunity to resolve system defects without unnecessary judicial involvement. It is this opportunity that Plaintiffs denied Defendant [Department of Education] by failing to include the Department in the initial dispute."). While the Court recognizes Plaintiff's assertion that she has filed "numerous complaints with the CDE . . . in an attempt to get [her] child a FAPE," Amended Complaint, ¶ 113, and her allegation that "CDE staff has failed to act in a timely manner to investigate and resolve the complaints," *id*. ¶ 117, these circumstances do not constitute proper exhaustion of Plaintiff's formal administrative remedies with CDE, which would include, at a minimum, naming CDE as a party to a due process hearing. Here, because Plaintiff did not name CDE or notify it of the administrative proceedings, her claims against CDE have not been exhausted.

Of course, claims need not be exhausted if doing so would be futile:

> [T]here are certain situations in which it is not appropriate to require the use of due process and review procedures set out in [20 U.S.C. § 1415(b) and (c) ] of the [IDEA] before filing a law suit. . . . These include complaints that: (1) it would be futile to use the due process procedures . . . ; (2) an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law; (3) it is improbable that adequate relief can be obtained by pursuing administrative remedies (e.g., the hearing officer lacks the authority to grant the relief sought). . .

7

*Hoeft v. Tucson Unified School Dist.*, 967 F.2d 1298, 1303-04 (9th Cir. 1992). Plaintiff alleges that "[g]iven the summary dismissal of all complaints, the non-compliance with procedural safeguards, and the retaliatory acts by Chrisman, it would be futile to continue filing complaints alleging the same violations and requesting the same relief. Accordingly, Plaintiff has exhausted all required administrative remedies." Amended Complaint, ¶ 116. The Court need not decide whether these allegations adequately allege the futility of pursuing administrative remedies with respect to the *local* education agencies involved in this dispute. It merely observes that there are no allegations *at all* with respect to the futility of pursuing administrative remedies against CDE. Because Plaintiff's claims against CDE are not exhausted, and because Plaintiff has not adequately pled the futility of such exhaustion with respect to CDE, Plaintiff's IDEA claims against CDE must be dismissed.

**2. Substantive adequacy of allegations that Defendant O'Connell or CDE violated IDEA**

Plaintiff provides few allegations and little argument on the subject of what duties and obligations apply to O'Connell as Superintendent of CDE, what actions he took or did not take, and what potential statutory liability for him might exist. In amending her complaint, Plaintiff will be directed to allege more specifically O'Connell's allegedly wrongful actions or omissions and how they give rise to liability under the statutes whose protection Plaintiff has invoked.

**3. Private right of action for certain claims against CDE and O'Connell**

Defendant argues that Plaintiff lacks a private right of action to pursue claims against him for failing to ensure compliance with decisions issued as a result of complaints filed with CDE. Because Plaintiff's allegations with respect to O'Connell and CDE are not sufficiently clear to allow the Court to ascertain whether Plaintiff is alleging such a claim against O'Connell or CDE, the Court will defer consideration of this issue.

**4. Propriety of suing Defendant O'Connell in his official capacity as Superintendent of CDE**

Defendant O'Connell argues that he may not be sued in his official capacity as

Superintendent of the CDE. He is correct. *California v. Deep Sea Research, Inc.*, 523 U.S. 491, 502 (1998) (citations omitted) ("[A] state official is immune from suit in federal court for actions taken in an official capacity."). However, if O'Connell acted in an ultra vires fashion, a claim for injunctive relief may lie against him in his private capacity. *See Ex parte Young*, 209 U.S. 123 (1908); *see also Marie O. v. Edgar*, 131 F.3d 610, 616-17 & n.13 (7th Cir.1997) (authorizing *Ex parte Young* suit brought against state officials by infants with disabilities, where infants alleged that state did not comply with requirements of IDEA).[3]

### 5. Plaintiff's standing to pursue Section 504 and ADA claims

Defendant does not dispute Plaintiff's standing to pursue her claims under IDEA. Although such claims readily might be characterized as claims on behalf of her son, the Supreme Court held in *Winkelman v. Parma City School District* that "the relationship between a parent and child is sufficient to support a legally cognizable interest in the education of one's child," such that parents may sue directly for certain violations of IDEA. 550 U.S. 516, 535 (2007). Defendant *does* challenge Plaintiff's standing under section 504 of the Rehabilitation Act and Title II of the ADA, but under Ninth Circuit precedent, Plaintiff may assert claims under those statutes "insofar as she is asserting and enforcing the rights of her son and incurring expenses for his benefit." *Blanchard v. Morton School Dist.*, 509 F.3d 934, 938 (9th Cir. 2007) (citing *Winkelman*, 550 U.S. at 529); *but see D.A. v. Pleasantville School Dist.*, Civil No. 07-4341 (RBK), 2008 WL 2684239, at *6-7 (D.N.J. June 30, 2008) (rejecting *Blanchard*'s extension of *Winkelman* to claims under § 504 and Title II of the ADA). Moreover, a parent has standing to assert a Rehabilitation Act claim that defendants retaliated against the parent for complaints relating to his or her child's education. *See Weber v. Cranston School Committee*, 212 F.3d 41, 48-49 (1st Cir. 2000); *see also Kampmeier v. Nyquist*, 553 F.2d 296, 299 (2d Cir. 1977).

---

[3] Plaintiff is instructed to clarify whether she is suing CDE, as a state agency, or only O'Connell in his private capacity.

9

Case No. C 09-1131 JF (HRL)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND, CONTINUING HEARING ON MOTION FOR PRELIMINARY INJUNCTION, AND RESCHEDULING OTHER PENDING MOTION HEARINGS
(JFLC3)

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss will be granted with leave to amend consistent with the foregoing discussion. All other pending motions, including Plaintiff's motion for a preliminary injunction, will be heard on September 4, 2009 at 9 AM. With respect to those motions previously scheduled for hearing on September 11, 2009, the briefing schedule will be modified as follows: opposition briefs will be due not later than Tuesday, August 25, 2009, and reply briefs will be due not later than Monday August 31, 2009 at 5 PM PDT.

**IT IS SO ORDERED.**

DATED: 8/18/09

JEREMY FOGEL
United States District Judge

10

Case No. C 09-1131 JF (HRL)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND, CONTINUING HEARING ON MOTION FOR PRELIMINARY INJUNCTION, AND RESCHEDULING OTHER PENDING MOTION HEARINGS
(JFLC3)

1  This Order has been served upon the following persons:

2  Douglas Neil Freifeld dfreifeld@fagenfriedman.com

3  Elise Stassart elise_moss@yahoo.com

4  Gregory J. Rousseve groussev@cde.ca.gov, MReed@cde.ca.gov

5  Katherine A. Alberts albertsk@stubbsleone.com, suttonk@stubbsleone.com

6  Tamar Pachter Tamar.Pachter@doj.ca.gov

Case No. C 09-1131 JF (HRL)
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND, CONTINUING HEARING ON MOTION FOR PRELIMINARY INJUNCTION, AND RESCHEDULING OTHER PENDING MOTION HEARINGS
(JFLC3)