IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELISE STASSART,<br><br>Plaintiff,<br><br>v.<br><br>LAKESIDE JOINT SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case Number C 09-1131 JF (HRL)<br><br>**ORDER[1] DISMISSING SEVERAL CLAIMS, DENYING MOTIONS TO STRIKE, AND HOLDING REMAINING MOTIONS IN ABEYANCE**<br><br>Re. docket nos. 76, 79 |

Plaintiff Elise Stassart ("Plaintiff"), who is proceeding *pro se*, alleges that Defendants Lakeside School District ("Lakeside") and its Superintendent, Bob Chrisman ("Chrisman"), (collectively "Defendants") have violated and continue to violate the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq., § 504 of the Rehabilitation Act of 1973 , 29 U.S.C. § 794 ("Section 504"), and 42 U.S.C. § 1983 ("Section 1983") by denying her adoptive son I.S. a

---

[1] This disposition is not designated for publication in the official reports.

federally mandated "free and appropriate public education," discriminating against her and her son on the basis of her son's disability, and retaliating against her for attempting to secure educational services for her son.

Plaintiff moves for a preliminary injunction requiring Lakeside to provide I.S. with a resource specialist for a minimum of four hours per week for the remainder of the school year. Defendants move to dismiss portions of Plaintiff's Second Amended Complaint ("SAC") on the grounds of lack of jurisdiction and failure to state valid claims, and to strike portions of the complaint relating to punitive damages and citing case law improperly.

For the reasons discussed below, the motions to dismiss will be granted with leave to amend as to one claim, dismissed without leave to amend as to several others, and held in abeyance along with the motion for preliminary injunction pending further administrative proceedings as to the remaining claims. The motion to strike will be denied.

## I. FACTUAL BACKGROUND

The relevant facts are set forth in further detail in the Court's order dated September 29, 2009 ("September 29th order"), and will not be repeated here. In addition, in early September of this year, Plaintiff enrolled I.S. in the eighth grade at Discovery Charter School in San Jose ("Discovery"), a school that is not within Lakeside's jurisdiction and does not have a charter agreement with Lakeside. Plaintiff alleges that while I.S. has overcome some of his school-related fears and in large part has succeeded socially at Discovery, he continues to struggle emotionally and academically. I.S.'s teachers have told Plaintiff that he is failing all of his classes and that without intervention he will not be ready to enter high school next fall. On September 24, 2009, Plaintiff filed a second due process complaint with the Office of Administrative Hearings ("OAH"). The case currently is scheduled for a hearing on January 19-21, 2010, after which OAH will have sixty days to issue its decision.

## II. PROCEDURAL BACKGROUND

On June 23, 2009, Plaintiff filed her First Amended Complaint alleging the aforementioned violations against Defendants–as well as numerous other state and local agencies

2

and officials–and seeking reversal of the ALJ's determination that I.S. is ineligible for IDEA services as a child with an emotional disturbance. In its orders dated August 18, 2009, and September 29, 2009, the Court granted defendants' several motions to dismiss with leave to amend consistent with the legal analysis set forth in those orders. Plaintiff filed the operative Second Amended Complaint ("SAC") on October 24, 2009. The parties then filed the instant motions.

### III. LEGAL STANDARDS

**A.     Motions to dismiss for lack of subject matter jurisdiction**

A motion to dismiss is proper under Rule 12(b)(1) where the Court lacks jurisdiction over the subject matter of the complaint. Fed. R. Civ. P. 12(b)(1). The court presumes a lack of subject matter jurisdiction until the plaintiff meets her burden establishing subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). The non-moving party must support its allegations with competent proof of jurisdictional facts when a party moves for dismissal under Rule 12(b)(1). *See Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

**B.     Motions to dismiss for failure to state a claim**

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), "[d]ismissal is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). When the Court rules on such a motion, a plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). In addition, "[g]enerally, a district court may not consider any material beyond the pleadings in ruling on a

3

Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

The pleading of a *pro se* litigant is held to a less stringent standard than a pleading drafted by an attorney, and is to be afforded the benefit of any doubt. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Karim- Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, a *pro se* litigant's pleadings still must be sufficiently pled so that they provide the defendant "with notice of what [it] allegedly did wrong." *Brazil v. U.S. Dep't. of Navy*, 66 F.3d 193 (9th Cir. 1995). A *pro se* litigant must be given leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

**C.     Motions to strike**

Pursuant to Federal Rule of Procedure Rule 12(f), the Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This includes striking parts of the prayer for relief when the relief sought is "not recoverable as a matter of law." *Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1209 (C.D. Cal. 2008) (citations omitted).

As with motions to dismiss, when ruling on a motion to strike, the Court takes the plaintiff's allegations as true and must liberally construe the complaint in the light most favorable to the plaintiff. *See Jenkins*, 395 U.S. at 421; *Argabright v. United States*, 35 F.3d 472, 474 (9th Cir. 1994). Also as with motions to dismiss, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *See Lucas*, 66 F.3d at 248 (9th Cir. 1995).

Motions to strike generally will not be granted unless it is clear that the matter to be stricken could not have any possible bearing on the subject matter of the litigation. *LeDuc v. Ky. Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). Allegations "supplying background or historical material or other matter of an evidentiary nature will not be stricken unless unduly

4

prejudicial to defendant." *Id.* Moreover, allegations that contribute to a full understanding of the complaint as a whole need not be stricken. *Id.*

**D.     Motion for preliminary injunction**

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 376 (2008). A party seeking a preliminary injunction must show either "(1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). These "two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the possibility of success decreases." *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985).

Requests for mandatory, as opposed to prohibitory, injunctive relief are subject to a heightened standard: "A prohibitory injunction preserves the status quo. A mandatory injunction goes well beyond simply maintaining the status quo pendente lite [and] is particularly disfavored. When a mandatory preliminary injunction is requested, the district court should deny such relief unless the facts and law clearly favor the moving party." *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (quotation marks and citations omitted).

### IV. DISCUSSION

**A.     Defendants' motions to dismiss for lack of subject matter jurisdiction**

    **1.     Exhaustion of administrative remedies**

        **a.     IDEA claims**

As this Court has reminded Plaintiff in its previous orders, claims brought pursuant to the IDEA ordinarily must be pursued by means of available administrative remedies. "If a plaintiff is required to exhaust administrative remedies but fails to do so, the federal courts do not have jurisdiction to hear the plaintiff's claim." *Blanchard v. Morton Sch. Dist.*, 420 F.3d 918, 920-21 (9th Cir. 2005); *see also J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist.*, 570 F. Supp. 2d 1212,

1220 (E.D. Cal. 2008) ("Plaintiff must exhaust his administrative remedies before this Court has subject matter jurisdiction over his claims.")

Plaintiffs under the IDEA "cannot seek to litigate claims in federal court that arose subsequent to the time period at issue in the underlying proceeding." *J.W.*, 570 F. Supp. 2d at 1220; *see also Metro. Bd. of Pub. Educ. v. Guest*, 193 F.3d 457, 463 (6th Cir.1999) (court exceeded its jurisdiction to the extent it ruled on issues from subsequent school years not at issue in administrative hearing); *Jeremy H. v. Mount Lebanon Sch. Dist.*, 95 F.3d 272, 283-84 (3d Cir.1996). As the Court concluded in its September 29th order, Plaintiff has failed to exhaust her administrative remedies as to her IDEA claims arising after July 28, 2008, the date Plaintiff requested a due process hearing. Plaintiff has not attempted to plead that seeking administrative review with respect to events occurring after July 28, 2008, would be futile. To the contrary, Plaintiff has conceded that the sole IDEA claims over which the Court currently has jurisdiction are those based on events occurring between May 2007 and July 28, 2008, as these are the only claims with respect to which Plaintiff has exhausted her administrative remedies. (See SAC 16:18-21.)

It appears from the record, however, that the January 2010 due process hearing will address Plaintiff's IDEA claims arising from events occurring after July 28, 2008. Accordingly, the Court will hold Defendants' motions to dismiss those claims in abeyance pending the decision of the OAH following that hearing.

**b.    ADA and 504 claims**

As Defendants correctly observe and Plaintiff implicitly acknowledges in the SAC, the exhaustion requirement under the IDEA also applies to some claims under Section 504 and the ADA. "[T]he dispositive question generally is whether the plaintiff has alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies. If so, exhaustion of those remedies is required. If not, the claim necessarily falls outside the IDEA's scope, and exhaustion is unnecessary." *Robb v. Bethel Sch. Dist. No. 403*, 308 F.3d 1047, 1050 (9th Cir. 2002); *see also JG v. Douglas County Sch. Dist.*, 552 F.3d 786, 802 (9th Cir. 2008).

Most of Plaintiff's Section 504 and ADA claims appear to be based on Lakeside's alleged

6

denial to I.S. of a free appropriate public education ("FAPE") under the IDEA. Plaintiff has neither asserted any ADA or 504 claims at an administrative hearing nor alleged that such exhaustion would have been futile. To the extent that such claims will be addressed at the January hearing, however, Defendants' motions to dismiss these claims will be held in abeyance pending the decision of the OAH.

To the extent that any of Plaintiff's 504 or ADA claims are unrelated to the provision of FAPE or "the identification, evaluation, or educational placement" of I.S., they are not subject to the same exhaustion requirements and are addressed below.

**B.      Motions to dismiss for failure to state a claim**

**1.      Motion to dismiss Section 504 and ADA claims against Chrisman**

Plaintiff appears to assert her retaliation claim under Section 504, and possibly under the ADA as well, only against Chrisman personally. The Court dismissed such claims without leave to amend in its September 29th order because, among other things, neither statute provides a basis for individual liability.

**2.      Motion to dismiss for failure to state a discrimination claim under Section 504 and the ADA**

Lakeside also moves to dismiss Plaintiff's discrimination claims under Section 504 and the ADA. As the Court explained in its previous order, to state a *prima facie* case of discrimination under either Section 504 or the ADA, a plaintiff must demonstrate, among other elements, that he or she was discriminated against by reason of her disability. *See, e.g.*, *Lovell v. Chander*, 303 F.3d 1039, 1052 (9th Cir. 2002) (describing the prima facie elements for both statutes). Once again, neither the SAC nor Plaintiff's moving papers contain any factual allegations sufficient to support a conclusion that I.S. was *discriminated against* because of his disability. Because it does not appar that Plaintiff can allege additional facts tending to show actual discrimination, this claim will be dismissed without leave to amend.

**3.      Motion to dismiss for failure to state a Section 1983 claim**

The SAC also includes references to Section 1983. To establish a violation of section 1983, the plaintiff must prove that the defendant acted under color of state law and deprived

7

Case No. C 09-1131 JF (HRL)
ORDER DISMISSING SEVERAL CLAIMS, DENYING MOTIONS TO STRIKE, AND HOLDING REMAINING MOTIONS IN ABEYANCE
(JFLC3)

plaintiff of a federal constitutional or statutory right. *Dawson v. City of Seattle*, 435 F.3d 1054, 1061 (9th Cir.2006); *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1056 (9th Cir.2002). Section 1983 "is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Henderson*, 305 F.3d at 1056.

While the details of the 1983 claim are not clear from the SAC, it appears that Plaintiff is asserting the claim to challenge Chrisman's actions with regard to I.S. and Plaintiff's pursuit of special education for I.S. However, Plaintiff once again has failed to allege with any specificity the constitutional or statutory right or rights of which she or I.S. allegedly was deprived by Chrisman's actions. Moreover, the Ninth Circuit has held that 1983 claims cannot rest on deprivations of rights under the IDEA, the ADA, or Section 504. *See, e.g.*, *Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 938 (9th Cir. 2007) (finding that "the comprehensive enforcement scheme of the IDEA evidences Congress' intent to preclude a § 1983 claim for the violation of rights under the IDEA"); *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) (holding that "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act").

Chrisman also contends that he is entitled to Eleventh Amendment immunity because he "at all times, acted within the scope and duties of his role as Superintendent of the District and not in an *ultra vires* fashion." (Defs.' Motion to Dismiss 15.) As the Court noted in its previous orders, "[A] state official is immune from suit in federal court for actions taken in an official capacity." *California v. Deep Sea Research, Inc.*, 523 U.S. 491, 502 (1998) (citations omitted).

The closest Plaintiff comes to alleging that Chrisman acted *ultra vires* comes under the "claim for retaliation" section of the SAC. In that section, Plaintiff alleges that Chrisman offered, in a district-wide newsletter, to pay for pizza and childcare for parents who attended a meeting at the Santa Clara County Office of Education discussing, among other things, district consolidation. (SAC 17:20-23.) Plaintiff does not explain how Chrisman's offer of incentives for parents to attend a meeting dealing with issues relevant to their children's school district constitutes *ultra vires* action.

8

Case No. C 09-1131 JF (HRL)
ORDER DISMISSING SEVERAL CLAIMS, DENYING MOTIONS TO STRIKE, AND HOLDING REMAINING MOTIONS IN ABEYANCE
(JFLC3)

Plaintiff has failed to state a claim under Section 1983 both because she has failed to allege the right of which she was deprived by Chrisman and that Chrisman was acting outside of the scope of his duties as district superintendent. However, based on the arguments in Plaintiff's moving papers, it appears that there is at least some possibility that Plaintiff could allege sufficient additional facts to state a claim. Accordingly, this claim will be dismissed with leave to amend.

### C. Motions to Strike Portions of Plaintiff's SAC

#### 1. Punitive damages

Defendants move to strike Plaintiff's request for punitive damages under Section 1983. Because Plaintiff has yet to state a Section 1983 claim, this motion will be denied as moot.

#### 2. Impertinent material

Defendants also move to strike several paragraphs on page eighteen of the SAC wrongly attributed to *Whitehead v. School Board of Hillsborough County*, 932 F. Supp. 1393 (M.D. Fla. 1996). The correct citation is 918 F. Supp. 1515 (M.D. Fla. 1996). Particularly because Plaintiff is acting *pro se*, the Court concludes that the citation error is immaterial and will deny this aspect of Defendants' motion.

### D. Motion for Preliminary Injunction

Plaintiff's motion for preliminary injunction is predicated on IDEA claims arising after July 28, 2008. As discussed above, the Court lacks jurisdiction to hear such claims because Plaintiff has not exhausted her administrative remedies. The Court will hold Plaintiff's motion in abeyance pending completion of the scheduled administrative proceedings.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Section 504 and ADA claims against Chrisman and discrimination claim against Lakeside will be dismissed without leave to amend, and Plaintiff's Section 1983 claim will be dismissed with leave to amend. The motions to strike will be denied, and the motions to dismiss and for preliminary injunction otherwise will be held in abeyance pending the conclusion of the administrative proceedings. Plaintiff need not file an amended

//

1 | pleading until the administrative proceedings have been concluded and a decision issued. The
2 | parties shall attend a case management conference on January 8, 2010, at 10:30 A.M.

**IT IS SO ORDERED.**

DATED: 12/8/09

_____
JEREMY FOGEL
United States District Judge